IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HEINZ DOUGLASS BRIDGES,

                    Petitioner,

     v.                                      CASE NO. 07-3284-RDR

UNITED STATES OF AMERICA, et al.,

                    Respondents.

**MEMORANDUM AND ORDER**

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record which included respondents' answer and return, or in the alternative a motion to dismiss, the court finds petitioner is entitled to no relief under § 2241.

BACKGROUND AND CLAIMS

In October 2000, petitioner was convicted by a general court martial, contrary to his pleas, of specifications involving indecent acts, rape, and forcible sodomy of a child.

The convening authority dismissed petitioner's convictions for one specification of indecent acts and the sole specification of forcible sodomy. The United States Coast Guard Court of Criminal Appeals (CGCCA) approved petitioner's remaining convictions but remanded the case to the convening authority for resentencing.

United States v. Bridges, 58 M.J. 540 (C.G.Ct.Crim.App. 2003)("Bridges I"). In a second appeal from that resentencing, the CGCCA upheld petitioner's sentence which included confinement for a twelve year period. United States v. Bridges, 61 M.J. 645 (C.G.Ct.Crim.App. 2005)("Bridges II"). The Court of Appeals for the Armed Forces (CAAF) denied petitioner's request for further review.

Petitioner then filed the instant action, seeking federal habeas corpus relief on seven claims, all presented as alleged violations of his right under the Due Process Clause in the Fifth Amendment to a fair trial.

Petitioner first claims the CGCCA erred in placing the burden on petitioner who was claiming marital privilege under Military Rules of Evidence 504 to show the marriage was valid, rather than requiring the government to show the marriage was invalid and a sham. In his second through sixth claims, petitioner claims the military judge erred in: admitting testimony of petitioner's ex-wife who testified that petitioner had erections while playing with children (Second Claim); not granting petitioner's motion for a mistrial after trial counsel repeatedly argued that testimony of expert witnesses supported the credibility of the victim (Third Claim); not allowing defense counsel to voir dire members concerning an email sent out from the Staff Judge Advocate (SJA) shortly before petitioner's trial about another Coast Guard case involving child molestation, urging Coast Guard commands to be "cautious" (Fourth Claim); finding the defense failed to reasonably raise the issue of unlawful command influence regarding that e-mail (Fifth Claim); and

prohibiting petitioner from presenting evidence that the alleged victim had engaged in certain sexual contact with another person which could have caused her injuries (Sixth Claim). Finally, petitioner claims charges I and III should have been dismissed as failing to state an offense (Seventh Claim).

STANDARD OF REVIEW

Habeas corpus relief can be granted under 28 U.S.C. § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3).

A United States District Court has limited authority to review court-martial proceedings for such error. Its scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. Id. When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court to grant the writ by reassessing the evidentiary determinations. Burns v. Wilson, 346 U.S. 137, 142 (1953).

An issue is deemed to have been given "full and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter. Watson v.

3

McCotter, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986). "[I]t is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns, 346 U.S. at 142; Khan v. Hart, 943 F.2d 1261, 1263 (10th Cir. 1991). The fact that the military court did not specifically address the issue in a written opinion is not controlling. Lips, 997 F.2d at 821, n.2. Instead, "when an issue is briefed and argued" before a military court, the Tenth Circuit has "held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." Id., *citing*, Watson, 782 F.2d at 145. The burden is on the petitioner to show that the military review was "legally inadequate" to resolve his claims. Watson, 782 F.2d at 144, *citing* Burns, 346 U.S. at 146.

Even where the federal court may reach the merits of a petition, review is limited by four factors identified by the Tenth Circuit Court of Appeals: (1) whether the alleged error is of substantial constitutional dimension; (2) whether the issue is one of law rather than a disputed fact resolved by the military courts; (3) whether unique military considerations warrant different treatment of a constitutional issue; and (4) whether the military courts applied the correct legal standards and gave appropriate consideration to the claims. Roberts v. Callahan, 321 F.3d 994, 996 (10th Cir.)(*citing* Dodson v. Zelez, 917 F.2d 1250 (10th Cir. 1990) and Lips), *cert. denied* 540 U.S. 973 (2003).

DISCUSSION

In the present case, respondents contend habeas corpus review of petitioner's claims is barred because the military courts fully and fairly considered each of the seven claims presented in this action. The record fully supports this contention.

*First Claim - Marital Privilege*

Specifically, as to petitioner's first claim, petitioner briefed this issue in his supplement to his petition seeking a grant of review by the CAAF. That court's summary denial of review of this issue constitutes full and fair consideration by the military courts. Watson, 782 F.2d at 145.

Also, while the Supreme Court has held that "martial communications are presumed confidential" if the privilege applies, Blau v. U.S., 340 U.S. 332 (1950), in petitioner's case the CGCCA simply applied the familiar standard that a party seeking to assert a privilege has the burden of first establishing the privilege applies. *See e.g.* Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 (10th Cir. 1995). As to petitioner's ex-wife's testimony regarding her observations of petitioner, the CGCCA clearly determined found this testimony was outside the scope of the privilege. Bridges I, 58 M.J. at 547.

*Second Claim - Testimony of Ex-Wife*

Petitioner raised his second claim in his first appeal,[1] and the military courts fully considered it and denied relief. Id. at

---

[1] In his appeal to the CGCCA, petitioner claimed his ex-wife's testimony was both privileged under Rule 504 of the Military Rules of Evidence (MRE), and unfairly prejudicial under MRE 403.

5

546-48.

To the extent the testimony of petitioner's ex wife involved a communication subject to the marital privilege, the CGCCA found the military judge erred in ruling that the exception to the marital privilege for a crime against a spouse or child, MRE 504(c)(2)(A), provided a basis for rejecting petitioner's claim of privilege. Id at 548. The CGCCA further found, however, that this error did not substantially influence the court-martial findings, and was thereby harmless. Id.

*Third Claim - Prosecutorial Misconduct*

As to petitioner's third claim, the CCA determined that trial counsel's statements in closing argument "approached that 'fine line [between permissible and impermissible testimony,] but did not cross it." Id. at 549. Instead, the CCA held that trial counsel's argument constituted "fair comment on admissible testimony," and the military judge "properly instructed the [general court-martial] members of their role in determining witness credibility." Id.

*Fourth and Fifth Claims - Unlawful Command Influence*

Regarding petitioner's fourth and fifth claims, the CGCCA found the SJA's district wide e-mail did not raise the issue of unlawful command influence in petitioner's general court-martial, and was not itself a basis for challenging any of the members. Id. at 551. The military court noted defense counsel's failure to raise the issue of unlawful command influence, and cited "the general nature of the e-mail message, extensive *voir dire* earlier in the trial, and his instructions that the members only consider evidence presented

6

during the trial." Id. at 550. The CGCCA further found no error by the military judge in failing to re-open *voir dire sua sponte* to challenge the members for cause. Id.

*Sixth and Seventh Claims - Issues in Resentencing Appeal*

Pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982),[2] petitioner raised his sixth and seventh claims to the CGCCA during his second appeal. The CGCCA found neither claim had merit, and further found petitioner's attempt to assign and brief alleged error in his 2000 trial, rather than in his 2003 resentencing, did not comply with court rules. Bridges (II), 61 M.J. at 647. Finding petitioner neither demonstrated good cause for his delay nor manifest injustice to be cured, the CGCCA declined to suspend the filing deadlines. Id. at 647-48.

CONCLUSION

Under this court's limited review of court-martial proceedings, it is not proper to reassess and redetermine issues considered and decided by the military courts. Having independently reviewed the record in this matter, the court finds the military tribunals fully and fairly considered all of petitioner's claims, and finds petitioner has not demonstrated that such review was legally inadequate. The court thus concludes petitioner is entitled to no relief under 28 U.S.C. § 2241 on any of his claims.

IT IS THEREFORE ORDERED that the petition for a writ of habeas

---

[2]United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), allows a petitioner to personally raise issues before the military appellate courts. Grostefon issues must be presented but need not be briefed by appellate counsel when counsel believes they are unsupported in law or fact.

corpus under 28 U.S.C. § 2241 is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 10th day of November 2009, at Topeka, Kansas.


                                      s/ Richard D. Rogers
                                     RICHARD D. ROGERS
                                     United States District Judge